■ BRIAN HIBBS, Doing Business as COMIX EXPERIENCE, on Behalf of Himself and All Others Similarly Situated, Appellant, v MARVEL ENTERPRISES, INC., et al., Respondents. [797 NYS2d 463]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered February 7, 2005, which denied the parties' application for court approval of the proposed settlement of this action, unanimously reversed, on the law, without costs, the application granted and the matter remanded for further proceedings.

In this putative class action lawsuit, the motion court ruled that it would only approve a proposed settlement that included an "opt-in" method for class members. Given the facts of this case, the failure to approve the proposed settlement on that ground was an abuse of discretion.

The motion court initially approved the form of notice to the putative class, which included the "opt-out" method, and directed that the parties send out notice to more than 5,200 Marvel customers at considerable expense to Marvel. The court then rejected the proposed settlement because it saw no reason to deviate from the opt-in settlement procedure favored by the Commercial Division. The court provided no discussion of the fairness of the terms of the settlement, or why the court believed it necessary to change the structure of the settlement agreed upon by the parties. The facts of the record demonstrate that there was overwhelming support for the proposed settlement: there were no objections to the proposed settlement; a very low percentage of class members opted out of the settlement; experienced counsel on both sides endorsed the settlement; and there were clear benefits of settlement to the class members, as opposed to the risk of extensive and expensive litigation. There is no discernible reason for the court to insist that the notice be reissued and an opt-in mechanism be utilized. The court's observation that the settlement may be worthless is clearly contradicted by the facts as stated above, and represents nothing more than the court's preference for an opt-in method.

There is no legal or constitutional principle that mandates the use of the opt-in method. In fact, we have regularly approved class action settlements which incorporate an opt-out method under circumstances similar to those here (*see Rosenfeld v Bear Stearns & Co.*, 237 AD2d 199 [1997], *appeal dismissed* 90 NY2d 888 [1997], *lv denied* 90 NY2d 811 [1997]; *Matter of Colt Indus. Shareholder Litig.*, 155 AD2d 154, 160 [1990], *mod on other grounds* 77 NY2d 185 [1991]). Furthermore, the rules of the Commercial Division of Supreme Court, New York County, which form the sole basis of the court's determination, are not dispositive on the fairness of the opt-out method. Rather, although the rules prefer the opt-in method, such rules are just general guidelines, and exceptions are made in appropriate cases.

There is no factual basis for the court's implicit decision that the opt-out method somehow prevented the class members from exercising an informed choice as to whether to participate in the settlement. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Catterson, JJ.